IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MARQUETTE TRANSPORTATION FINANCE, LLC | ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | |
| JAMES PARKER, 233 County Road 1992 Yantis, TX 75497-5353 | ) ) ) ) | CASE NO. 19-512 |
| ZACHARY PARKER, 10531 Cole Road Pilot Point, TX 76258 | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Marquette Transportation Finance, LLC d/b/a Marquette Commercial Finance ("Plaintiff") and hereby files its Complaint against James Parker ("J. Parker") and Zachary Parker ("Z. Parker" and with J. Parker, the "Defendants" or "Guarantors"), and shows the Court the following:

## THE PARTIES

1. Marquette Transportation Finance, LLC d/b/a Marquette Commercial Finance is a Missouri limited liability company. Plaintiff is a citizen of the state of Missouri for purposes of diversity jurisdiction under 28 U.S.C. § 1332 because its members are Missouri citizens.

2. On information and belief, Defendant J. Parker is a citizen of Texas. J. Parker is listed as a managing member of Blitz Energy Services LLC, a Texas limited liability company ("Borrower").

3. On information and belief, Defendant Z. Parker is a citizen of Texas.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the Plaintiff and all Defendants and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

5. Venue and personal jurisdiction are proper pursuant to Fed. R. Civ. P. 4(k)(1)(A), Mo. Rev. Stat. § 506.500, and 28 U.S.C. § 1391, because the contracts at issue were made in this district, because Plaintiff conducts business in this district, and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

6. The parties have waived a jury trial in the agreements which Plaintiff seeks to enforce.

## FACTUAL BACKGROUND

7. Plaintiff and Borrower are parties to that certain Account Assignment and Security Agreement, dated August 3, 2017 (the "Factoring Agreement"). Pursuant to the terms of the Factoring Agreement, Plaintiff provided operational financing to Borrower.

8. In connection with the Factoring Agreement and to induce Plaintiff to extend the Factoring Agreement to Borrower, J. Parker entered into that certain Guaranty of Account Assignment and Security Agreement dated August 3, 2017 (the "J. Parker Guaranty"), which is attached hereto as **Exhibit A**.

9. In connection with the Factoring Agreement and to induce Plaintiff to extend the Factoring Agreement to Borrower, Z. Parker entered into that certain Guaranty of Account Assignment and Security Agreement dated August 3, 2017 (the "Z. Parker Guaranty" and together with the J. Parker Guaranty, the "Guaranties"). The Z. Parker Guaranty is attached hereto as **Exhibit B**.

10. Plaintiff and Borrower entered into a Forbearance & Modification Agreement, dated March 6, 2019 (the "Forbearance Agreement").

11. In connection with the Forbearance Agreement and to induce Plaintiff to extend the Forbearance Agreement to Borrower, J. Parker entered into a Security Agreement dated on or about March 25, 2019 (the "J. Parker Security Agreement"), granting Plaintiff a security interest in all J Parker's accounts, goods, documents (including, if applicable, electronic documents), fixtures, instruments, promissory notes, chattel paper (whether tangible or electronic), letters of credit, letter-of-credit rights (whether or not the letter of credit is evidenced by a writing), securities and all other investment property, commercial tort claims as supplemented, general intangibles (including all payment intangibles), money, deposit accounts, any other contract rights or rights to the payment of money and all other personal property assets of J. Parker now owned or hereafter acquired; and all Proceeds (as defined in the J. Parker Security Agreement) and products of each of the foregoing, all books and records relating to the foregoing, all supporting obligations related thereto, and all accessions to, substitutions and replacements for, and rents, profits and products of, each of the foregoing, and any and all Proceeds of any insurance, indemnity, warranty or guaranty payable to J. Parker from time to time with respect to any of the foregoing (the "J. Parker Collateral"). The J. Parker Security Agreement is attached hereto as **Exhibit C**.

12. In connection with the Forbearance Agreement and to induce Plaintiff to extend the Forbearance Agreement to Borrower, Z. Parker entered into a Security Agreement dated on or about March 25, 2019 (the "Z. Parker Security Agreement" and together with the J. Parker Security Agreement, the "Security Agreements"). The Z. Parker Security Agreement grants Plaintiff a security interest in all Z. Parker's accounts, goods, documents (including, if

applicable, electronic documents), fixtures, instruments, promissory notes, chattel paper (whether tangible or electronic), letters of credit, letter-of-credit rights (whether or not the letter of credit is evidenced by a writing), securities and all other investment property, commercial tort claims as supplemented, general intangibles (including all payment intangibles), money, deposit accounts, any other contract rights or rights to the payment of money and all other personal property assets of Z. Parker now owned or hereafter acquired; and all Proceeds (as defined in the Z. Parker Security Agreement) and products of each of the foregoing, all books and records relating to the foregoing, all supporting obligations related thereto, and all accessions to, substitutions and replacements for, and rents, profits and products of, each of the foregoing, and any and all Proceeds of any insurance, indemnity, warranty or guaranty payable to Z. Parker from time to time with respect to any of the foregoing (the "Z. Parker Collateral"). The Z. Parker Security Agreement is attached hereto as **Exhibit D**.

13. The Forbearance Agreement expired.

14. Borrower is in default under the terms of the Factoring Agreement and the unpaid principal balance, all accrued and unpaid interest and all other amounts payable under the Factoring Agreement, are now due and payable in their entirety.

15. Under the Guaranties, Guarantors are liable for all amounts owing under the Factoring Agreement, including, without limitation, all principal and interest, late charges, and attorneys' fees and costs and expenses incurred by Plaintiff in enforcing its rights and remedies under the Factoring Agreement.

16. Under the Guaranties, Guarantors have waived all rights to presentment, demand, and notice and have waived all defenses except for payment of the amounts due under the Factoring Agreement.

17. The amounts due under each Guaranty are in excess of $15 million (the "Indebtedness").

18. Plaintiff has had to hire counsel to pursue its claims against Guarantors. Therefore, to the extent allowable under applicable law and the parties' agreements, Plaintiff also requests allowance and/or reimbursement of the legal costs and fees it has and will incur with respect to the pursuit of its claims against Guarantors.

## COUNT I
## BREACH OF CONTRACT- J. PARKER GUARANTY

19. Plaintiff incorporates each of the preceding paragraphs herein by reference.

20. The J. Parker Guaranty executed by J. Parker is a valid and binding contract between J. Parker and the Plaintiff.

21. Plaintiff has performed all of its obligations under the J. Parker Guaranty, namely providing the Factoring Agreement to Borrower and funding Borrower's operations.

22. J. Parker breached its obligations under the J. Parker Guaranty by failing to pay all sums due and owing by Borrower under the Factoring Agreement following Borrower's default as required by the J. Parker Guaranty.

23. As a direct result of J. Parker's breach of the J. Parker Guaranty, Plaintiff has suffered damages in excess of $15 million plus all other amounts due and owing under the Factoring Agreement, including but not limited to default interest, late fees, attorneys' fees and expenses.

WHEREFORE, Plaintiff Marquette Transportation Finance, LLC d/b/a Marquette Commercial Finance respectfully requests that Plaintiff be awarded judgment against J. Parker, for its damages in an amount that Plaintiff will prove at trial in excess of $75,000, plus pre- and post-judgment interest at the maximum rate allowed by law, reasonable and necessary attorneys'

fees, court costs, and all other relief, both general and special, at law or in equity, to which Plaintiff is entitled.

## COUNT II
## FORECLOSURE OF SECURITY INTEREST – J. PARKER SECURITY AGREEMENT

24. Plaintiff incorporates each of the preceding paragraphs herein by reference.

25. The performance of J. Parker's obligations under the J. Parker Guaranty is secured by a security interest granted in the J. Parker Collateral by the J. Parker Security Agreement.

26. J. Parker is in possession of the J. Parker Collateral.

27. Plaintiff has made demand for the J. Parker Collateral.

28. The Indebtedness is due under the Factoring Agreement and J. Parker Guaranty.

29. The J. Parker Security Agreement provides that failure by Borrower to perform an obligation under the Factoring Agreement and failure by J. Parker to perform any obligation of the J. Parker Guaranty constitutes a default thereunder.

30. J. Parker's failure to pay the Indebtedness according to the terms of J. Parker Guaranty constitutes a default under the J. Parker Security Agreement.

31. The J. Parker Security Agreement further provides that upon the occurrence of default, Plaintiff may, among other things, take possession of the J. Parker Collateral.

32. The J. Parker Collateral has not been seized under any legal process.

33. Pursuant to the terms of the J. Parker Security Agreement, Plaintiff is entitled to immediate possession of the J. Parker Collateral.

WHEREFORE, Plaintiff respectfully requests that this Court issue an Order authorizing Plaintiff to retrieve the J. Parker Collateral; or requiring J. Parker to assemble the same for immediate delivery to Plaintiff; and to tax as costs against J. Parker the reasonable expenses and

charges incurred incident to the taking and delivery of the J. Parker Collateral; authorizing Plaintiff to sell or dispose of the J. Parker Collateral or to take other such steps as set forth in the J. Parker Guaranty and the J. Parker Security Agreement or in the Uniform Commercial Code, with all funds to be applied to the Indebtedness; requiring J. Parker to pay Plaintiff's costs, expenses, and reasonable attorneys' fees incurred in this action; and grant such further and other relief as the Court deems just and proper.

## COUNT III
## BREACH OF CONTRACT – Z. PARKER GUARANTY

34. Plaintiff incorporates each of the preceding paragraphs herein by reference.

35. The Z. Parker Guaranty executed by Z. Parker is a valid and binding contract between the Z. Parker and the Plaintiff.

36. Plaintiff has performed all of its obligations under the Z. Parker Guaranty, namely providing the Factoring Agreement to Borrower and funding Borrower's operations.

37. Z. Parker breached his obligations under the Z. Parker Guaranty by failing to pay all sums due and owing by Borrower under the Factoring Agreement following Borrower's default as required by the Z. Parker Guaranty.

38. As a direct result of Fernandez's breach of the Z. Parker Guaranty, Plaintiff has suffered damages in excess of $15 million plus all other amounts due and owing under the Factoring Agreement, including but not limited to default interest, late fees, attorneys' fees and expenses.

WHEREFORE, Plaintiff Marquette Transportation Finance, LLC d/b/a Marquette Commercial Finance respectfully requests that Plaintiff be awarded judgment against Z. Parker, for its damages in an amount that Plaintiff will prove at trial in excess of $75,000, plus pre- and post-judgment interest at the maximum rate allowed by law, reasonable and necessary attorneys'

fees, court costs, and all other relief, both general and special, at law or in equity, to which Plaintiff is entitled.

## COUNT IV
## FORECLOSURE OF SECURITY INTEREST – Z. PARKER SECURITY AGREEMENT

39. Plaintiff incorporates each of the preceding paragraphs herein by reference.

40. The performance of Z. Parker's obligations under the Z. Parker Guaranty is secured by a security interest granted in the Z. Parker Collateral by the Z. Parker Security Agreement.

41. Z. Parker is in possession of the Z. Parker Collateral.

42. Plaintiff has made demand for the Z. Parker Collateral.

43. The Indebtedness is due under the Factoring Agreement and Z. Parker Guaranty.

44. The Z. Parker Security Agreement provides that failure by Borrower to perform an obligation under the Factoring Agreement and failure by Z. Parker to perform any obligation of the Z. Parker Guaranty constitutes a default thereunder.

45. Z. Parker's failure to pay the Indebtedness according to the terms of Z. Parker Guaranty constitutes a default under the Z. Parker Security Agreement.

46. The Z. Parker Security Agreement further provides that upon the occurrence of default, Plaintiff may, among other things, take possession of the Z. Parker Collateral.

47. The Z. Parker Collateral has not been seized under any legal process.

48. Pursuant to the terms of the Z. Parker Security Agreement, Plaintiff is entitled to immediate possession of the Z. Parker Collateral.

WHEREFORE, Plaintiff respectfully requests that this Court issue an Order authorizing Plaintiff to retrieve the Z. Parker Collateral; or requiring Z. Parker to assemble the same for immediate delivery to Plaintiff; and to tax as costs against Z. Parker the reasonable expenses and

charges incurred incident to the taking and delivery of the Z. Parker Collateral; authorizing Plaintiff to sell or dispose of the Z. Parker Collateral or to take other such steps as set forth in the Z. Parker Guaranty and the Z. Parker Security Agreement or in the Uniform Commercial Code, with all funds to be applied to the Indebtedness; requiring Z. Parker to pay Plaintiff's costs, expenses, and reasonable attorneys' fees incurred in this action; and grant such further and other relief as the Court deems just and proper.

Respectfully submitted,

**BRYAN CAVE LLP**

By: /s/ Michelle M. Masoner
    Michelle M. Masoner, MO # 49445
    Jackson Hobbs, MO # 71004
    1200 Main Street, Suite 3800
    Kansas City, Missouri 64105
    Telephone: (816) 374-3200
    Facsimile: (816) 374-3300
    michelle.masoner@bclplaw.com
    jackson.hobbs@bclplaw.com

ATTORNEYS FOR PLAINTIFF